**No. 79SA14**
**No. 79SA15**

**The People of the State of Colorado v. William Leighton Miller, William Thomas Whiddon, John Lee Gorre, Allen Morris and Jack Nardini**

(604 P.2d 36)

Decided December 24, 1979.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for plaintiff-appellant.

No appearance by defendants-appellees.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The People appealed pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8) on a question of law whether the defendants may be convicted of both attempted theft by deception, sections 18-2-101 and 18-4-401(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8), and professional gambling, sections 18-10-103(2) and 18-10-102(8), C.R.S. 1973 (1978 Repl. Vol. 8). The case was tried to a jury and after the presentation of the People's case, the trial court ruled that the charges of attempted theft by deception were premised upon inducing persons to gamble, which are facts which must be proven to establish the charge of professional gambling. The trial court granted defendants' motion dismissing the counts of attempted theft and conspiracy to commit attempted theft charged against the multiple defendants by applying section 18-1-408(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8) which provides:[1]
"When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not be convicted of more than one offense if:

---

[1] The People assert that the trial court also based its dismissal on the People's presentation of insufficient evidence that the defendants had committed attempted theft by deception. We disagree with the People's interpretation of the trial court's ruling on defendants' motion for judgment of acquittal. In the trial court's ruling it is apparent that the dismissal was based solely upon the application of section 18-1-408(1)(d). We therefore do not consider the sufficiency of the People's evidence, nor are we inclined to do so. *See People v. Martinez*, 198 Colo. 577, 603 P.2d 944 (1979), and *People v. Berry*. 198 Colo. 258, 598 P.2d 1044 (1979).

. . . .

(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. . ."

The defendants were found guilty of professional gambling, a misdemeanor. The People appealed the dismissal of the attempted theft count, a felony, as to each defendant. We agree that the trial court improvidently dismissed the attempted theft charges.

■ "Section 18-1-408(1)(d) is intended to deal with situations where the offenses themselves are *defined* in terms of general and specific kinds of conduct." *People v. Blair,* 195 Colo. 462, 579 P.2d 1133, 1143 (1978). That the same conduct may give rise to more than one offense is irrelevant so long as the offenses have not merged for purposes of double jeopardy. It is clear from reading section 18-4-401(1)(a)[2] and section 18-10-102(8)[3] that theft by deception requires proof of elements not common to professional gambling, nor is professional gambling necessarily a specific instance of theft by deception. The two offenses are not defined in terms of general and specific kinds of the same conduct. Furthermore, each offense requires proof of an additional fact that the other does not.

We need not address the issue of whether the trial court erred in not allowing the People to elect whether to proceed on the attempted theft charges or the professional gambling charges, and decline to do so.

The trial court's judgment dismissing the attempted theft charges is disapproved.

■

---

[2] "A person commits theft when he knowingly obtains or exercises control over anything of value without authorization, or by threat or deception, and:
(a) Intends to deprive the other person permanently of the use or benefit of the thing of value . . ."
[3] "'Professional gambling' means:
(a) Aiding or inducing another to engage in gambling, with the intent to derive a profit therefrom; or
(b) Participating in gambling and having, other than by virtue of skill or luck, a lesser chance of losing or a greater chance of winning than one or more of the other participants."
"'Gambling' means risking any money, credit, deposit, or other thing of value for gain contingent in whole or in part upon lot, chance, the operation of a gambling device, or the happening or outcome of an event, including a sporting event, over which the person taking the risk has no control..." Section 18-10-102(2), C.R.S. 1973 (1978 Repl. Vol. 8).