No. 03-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 9

THE STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

AARON MATT,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                     In and For the County of Lake, Cause No. DC-2002-156,
                     Honorable C. B. McNeil, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

              Benjamin R. Anciaux, Attorney at Law, Polson, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Jennifer Anders, Assistant
              Attorney General, Helena, Montana

              Bob Long, County Attorney; Mitchell Young, Deputy County
              Attorney, Polson, Montana


                          Submitted on Briefs:  December 30, 2003

                                    Decided:  January 25, 2005

Filed:

_____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Aaron Matt (Matt) appeals from the judgment entered in the Twentieth Judicial District Court, Lake County, finding him guilty of Count I, assault with a weapon, in violation of § 45-5-213(1)(a), MCA, and Count II, assault on a peace officer, in violation of § 45-5-210(1)(a), MCA, challenging the District Court's denial of his motion to dismiss Count I.  We affirm.

¶2     We restate the issue on appeal as follows:

¶3     Did the District Court err in denying Matt's motion to dismiss the charge of assault with a weapon under § 45-5-213(1)(a), MCA, on the grounds that it is a lesser included offense of assault on a peace officer under  § 45-5-210(1)(a), MCA, to which Matt pleaded guilty?

*FACTUAL AND PROCEDURAL BACKGROUND*

¶4     On November 30, 2002, Flathead Tribal Police Officer Don Bell (Officer Bell) responded to a domestic disturbance involving Matt at the residence of Rose Pablo in Ronan, Montana.  This was not Officer Bell's first encounter with Matt, as Officer Bell had been called to disturbances involving Matt at the residence on several previous occasions.  Upon Officer Bell's arrival, he observed Matt standing outside of Pablo's residence.  However, before Officer Bell could exit his patrol vehicle, Matt, in an "angry and agitated" state, immediately began "challenging [Officer Bell]."  Officer Bell testified that this behavior was uncharacteristic of Matt, noting that Matt usually attempted to thwart law enforcement by running away.  Matt then began to run and entered the residence, and Officer Bell

2

determined to follow.  As Officer Bell entered the residence, Matt attempted to grab a kitchen knife, which prompted Officer Bell to draw his service revolver and respond "don't do it."  At that point, Officer Bell considered the situation dangerous, and testified that he was prepared to shoot Matt.  Matt then threw a chair which struck Officer Bell in the hip and damaged his portable radio.  Matt then threw a second chair, which struck Officer Bell's left shin.  Officer Bell pepper sprayed Matt in an effort to subdue him, but to no avail.  Still combative, Matt then threw a third chair, which struck Officer Bell's hand and head.  Again, Officer Bell attempted to subdue Matt with pepper spray, but without effect.  Ultimately, it required three officers to arrest and transport Matt from Pablo's residence to the patrol vehicle, as Matt resisted the entire time.  Officer Bell was then transported to St. Luke's Hospital where doctors discovered he had sustained bruising on his hip, a shin contusion, nerve damage to one finger, a head laceration, and whiplash to his neck.

¶5     The State charged Matt with Count I, assault with a weapon, in violation of § 45-5-213(1)(a), MCA, and Count II, assault on a peace officer, in violation of § 45-5-210(1)(a), MCA, each charge reflecting different injuries inflicted on Officer Bell in the incident.  On February 5, 2003, Matt pleaded guilty to Count II, assault on a peace officer.  He then moved to dismiss Count I, arguing this charge was a lesser included offense of Count II, pursuant to § 46-1-202(9)(a), MCA, and that the State's prosecution for this charge violated his double jeopardy rights, as set forth in § 46-11-410, MCA.  The District Court rejected Matt's dismissal motion, whereupon Matt pleaded guilty to Count I, reserving his right to appeal.

3

¶6 A district court's denial of a motion to dismiss on the basis of double jeopardy is a question of law, which we review to determine whether the district court's interpretation of the law is correct. *State v. Beavers*, 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21.

*DISCUSSION*

**¶7 Did the District Court err in denying Matt's motion to dismiss the charge of assault with a weapon under § 45-5-213(1)(a), MCA, on the grounds it was a lesser included offense of assault on a peace officer under § 45-5-210(1)(a), MCA, to which Matt pleaded guilty?**

¶8 Matt argues that the State's prosecution on Count I violated the double jeopardy clause of the Fifth Amendment to the United States Constitution and § 46-11-410, MCA, because that charge, assault with a weapon, is an "included offense," as defined by § 46-1-202(9)(a), MCA, of Count II, assault on a peace officer.

¶9 As a preliminary argument, Matt asserts that the State's discretion to charge a defendant under one subsection of a statute, rather than another equally plausible subsection of the same statute, enables the State to avoid double jeopardy issues by intentionally charging offenses which are not "included offenses." This, he argues, results in defendants being charged under multiple statutes for the same crime. As an example, he explains that, if the State had charged him, in Count II (assault on a police officer), of violating subsection (1)(c) of § 45-5-210, MCA, instead of subsection (1)(a), then the charge in Count I (assault with a weapon) under § 45-5-213(1)(a), MCA, would have been a lesser included offense

4

to the charge in Count II, and, therefore, a separate conviction thereunder would have been prohibited.

¶10 However, though the State may well have strategically avoided a double jeopardy defense by its charging decision, there is no error in doing so. The State is vested with broad discretion in making charging decisions. As we have noted, "a county attorney has broad discretion in determining when to prosecute a case and what crime will be charged. In Montana, '[i]t is not only incumbent upon the county attorney to determine when or when not to prosecute a case, but when the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion.'" *State v. Smith*, 2004 MT 191, ¶ 19, 322 Mont. 206, ¶ 19, 95 P.3d 137, ¶ 19 (quoting *State ex rel. Fletcher v. District Court* (1993), 260 Mont. 410, 415, 859 P.2d 992, 995). Thus, the State properly acted within its discretion by choosing to charge Matt pursuant to both §§ 45-5-213(1)(a), and 45-5-210(1)(a), MCA.

¶11 We turn then to Matt's primary argument that § 45-5-213(1)(a), MCA, is an included offense of § 45-5-210(1)(a), MCA, and therefore cannot sustain a separate conviction. He notes that pursuant to § 46-11-410(2)(a), MCA, "[a] defendant may not, however, be convicted of more than one offense if one offense is included in another." However, this provision also contemplates that multiple charges may arise out of one transaction: "[w]hen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense." Section 46-11-410(1), MCA.

5

The State contends that two charges were properly brought against Matt for his conduct in this transaction, and that neither offense was included within the other.

¶12 Pursuant to § 46-1-202(9), MCA, an "included offense" is defined as one that:

(a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (b) consists of an attempt to commit the offense charged or to commit an offense otherwise included in the offense charged; or (c) differs from the offense charged only in respect that a less serious injury or risk to the same person, property, or public interest or lesser kind of culpability suffices to establish its commission.

¶13 In *Beavers*, we applied this statute and noted that "[w]e have consistently stated that the term, 'facts,' refers to the statutory elements of the offenses, not the individual facts of the case." *Beavers*, ¶ 30. Further, we explained that pursuant to § 46-1-202(9), MCA, "[w]e must consider each of these [elements] separately in respect to the statutory definitions of the offenses involved." *Beavers*, ¶ 25.[1]

¶14 Matt argues that under § 46-1-202(9)(a), MCA, the State's prosecution of Count I, for violation of § 45-5-213(1)(a), MCA, required proof of the same or less elements as required for conviction of the charge under Count II, § 45-5-210(1)(a), MCA. Pursuant to *Beavers*, and the provisions of § 46-1-202(9), MCA, we must therefore compare the elements of these statutes. *Beavers*, ¶ 25.

¶15 We conclude that § 45-5-213(1)(a), MCA, is not a lesser included offense of § 45-5-210(1)(a), MCA. Section 45-5-210(1)(a), MCA, states that "A person commits the offense

---

[1]Subsequent to *Beavers*, § 46-1-202, MCA, was amended by Laws of Montana, Ch. 303, Sec. 1, (2001), and the definition of "included offense" was recodified as § 46-1-202(9), MCA.

of assault on a peace officer or judicial officer if the person purposely or knowingly causes bodily injury to a peace officer or judicial officer." In contrast, § 45-5-213(1)(a), MCA, provides that "A person commits the offense of assault with a weapon if the person purposely or knowingly causes bodily injury to another with a weapon." Clearly, § 45-2-213(1)(a), MCA, requires the finding of the additional element that the offense of assault be committed *with a weapon*, and thus, cannot be established by the same or fewer elements required to establish an offense under § 45-5-210(1)(a), MCA. Likewise, § 45-5-210(1)(a), MCA, requires proof of an element not included in § 45-5-213(1)(a), MCA–causing bodily injury *to a peace officer*. Therefore, the State's prosecution of Matt for assault with a weapon did not violate constitutional or statutory double jeopardy protections.

¶16 Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART