DA 09-0406

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 37

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CLINT CHARLES WEATHERELL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 08-14
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Michael H. Keedy; Henning, Keedy & Lee, P.L.L.C., Kalispell, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

      Mitch Young, Lake County Attorney; Mark A. Russell, Deputy County
Attorney; Polson, Montana

Submitted on Briefs:  January 13, 2010

Decided:  February 19, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Defendant Clint Weatherell appeals the ruling of the District Court for the Twentieth Judicial District, Lake County, denying Weatherell's motion to dismiss his charge of assault on a minor on the basis of double jeopardy.

¶2     The sole issue on appeal is whether Weatherell's conviction for assault on a minor was barred by double jeopardy.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In January 2008 the State of Montana filed an information charging Weatherell with assault on a minor, criminal endangerment, and partner or family member assault (PFMA). The State's affidavit supporting its request to file the information alleged that Weatherell had beaten his girlfriend's two-year-old son by striking him in the head and chest. According to the affidavit, Weatherell admitted that he had become "frustrated when M.G. would not stop playing and go to bed." The beating allegedly caused severe bruising on the child's head and chest. The next day Weatherell's girlfriend took the child to St. Joseph's Hospital in Polson, Montana. At first Weatherell's girlfriend allegedly hesitated to take the child to the hospital for fear that law enforcement would blame her for the injuries and, consequently, social services would take custody of her children. At the hospital, a Lake County sheriff's deputy observed the child. Later that day the deputy arrested Weatherell.

¶4     At his arraignment, Weatherell originally pleaded not guilty to assault on a minor and criminal endangerment, but entered an *Alford* plea (a plea of guilty in which the

2

defendant maintains his innocence, *see North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 167-68 (1970)) to PFMA. Subsequently, Weatherell moved to dismiss the remaining charges on the basis of double jeopardy. In his supporting brief, Weatherell cited § 46-11-410(2)(a), (d), MCA, and the double jeopardy provisions of the Constitutions of Montana and the United States. The District Court denied Weatherell's motion, reasoning that the prosecution did not trigger double jeopardy because the charges required different elements of proof. Later, pursuant to a plea agreement, Weatherell pleaded guilty to assault on a minor, and the State dismissed the charge of criminal endangerment with prejudice. In the plea agreement, Weatherell reserved his right to appeal the District Court's denial of his motion to dismiss.

¶5 The District Court then entered judgment, convicting Weatherell for assault on a minor and PFMA, and dismissing the criminal endangerment charge. The District Court sentenced Weatherell to the Department of Corrections for five years for assault on a minor with all time suspended. The District Court also sentenced Weatherell to one year in the Lake County Jail with all save thirty days suspended for PFMA. Additionally, the District Court made the suspended sentences subject to twenty-five conditions.

¶6 Exercising the right he reserved, Weatherell now appeals the denial of his motion to dismiss.

**STANDARD OF REVIEW**

¶7 We review a district court's denial of a motion to dismiss on the basis double jeopardy de novo, which is a nondeferential review of the district court's decision based

3

on the record. *State v. Beavers*, 1999 MT 260, ¶ 21, 269 Mont. 340, 167 P.2d 371; Steven Alan Childress & Martha S. Davis, *Federal Standards of Review* vol. 1, § 2.14, 2-79 (3d ed., Lexis 1999).

**DISCUSSION**

¶8      ***Whether Weatherell's conviction for assault on a minor was barred by double jeopardy.***

¶9      The prohibition against double jeopardy "was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187, 78 S. Ct. 221, 223 (1957).

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Id.* at 187-88, 78 S. Ct. at 223.

¶10      Weatherell asserts that his prosecution for assault on a minor offended the prohibition against double jeopardy. In support of this position, Weatherell presents both statutory and constitutional arguments. We address Weatherell's statutory argument first and then turn to his constitutional claim.

4

¶11 Weatherell first contends that § 46-11-410(2)(d), MCA,[1] the relevant double jeopardy statute, *State v. Sor-Lokken*, 247 Mont. 343, 352, 805 P.2d 1367, 1373 (1991), prohibited the State from prosecuting him for assault on a minor under § 45-5-212, MCA, subsequent to his *Alford* plea to PFMA under § 45-5-206, MCA. We find this argument unpersuasive.

¶12 Section 46-11-410(1) to (2), MCA, provides that when a person's conduct in one transaction constitutes multiple offenses, the State may prosecute the person for each offense, subject to five enumerated limitations. The limitations relevant to this case protect the person from being prosecuted for more than one offense if "one offense is included in the other" or "the offenses differ only in that one is defined to prohibit a specific instance of the conduct." Section 46-11-410(2)(a), (d), MCA. Our case law evaluating double jeopardy defenses brought under these two provisions has employed a single standard in which we consider the elements of each charge to determine whether each charge requires proof of a fact that the other does not (if so, prosecution for each charge is not statutorily prohibited). *See State v. Matt*, 2005 MT 9, ¶¶ 11-15, 325 Mont. 340, 106 P.3d 530; *McQuiston*, 277 Mont. at 406-07, 922 P.2d at 525, *rev'd in part on other grounds*, *Herman*, ¶ 12 n. 1; *Sor-Lokken*, 247 Mont. at 351-52, 805 P.2d at 1373; *State v. Hall*, 224 Mont. 187, 190-92, 728 P.2d 1339, 1341-42 (1986), *rev'd in part on other grounds*, *Montana v. Hall*, 481 U.S. 400, 404-05, 107 S. Ct. 1825, 1827 (1987); *cf.*

---

[1] This section was previously codified at § 46-11-502, MCA. *State v. McQuiston*, 277 Mont. 397, 406, 922 P.2d 519, 525 (1996), *overruled in part*, *State v. Herman*, 2008 MT 187, ¶ 12 n. 1, 342 Mont. 494, 188 P.3d 978; *see also* §§ 46-11-503, -504, -505, MCA (addressing double jeopardy involving former prosecutions).

*Colorado v. Miller*, 604 P.2d 36, 37 (Colo. 1979) (stating that statutory provision similar to § 46-11-410(2)(d), MCA, "is intended to deal with situations where the offenses themselves are *defined* in terms of general and specific conduct" (quoting *Colorado v. Blair*, 579 P.2d 1133, 1143 (Colo. 1978))).  Essentially, this test determines whether one of the two charges is an "included offense," which is statutorily defined as an offense that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged."  Section 46-1-202(9)(a), MCA.  The relationship of such charges could be illustrated by a Venn diagram of concentric, rather than merely overlapping, circles.  *See* Wayne R. LaFave, et al., *Criminal Procedure* vol. 5, § 17(4)(b), 80 (3d ed., West 2007).

¶13     Applying this test, we consider here the elements of PFMA and assault on a minor. Under § 45-5-206(1)(a), MCA, a person commits PFMA if he (1) "purposely or knowingly," (2) "causes bodily injury," (3) "to a partner or family member."  "Purposely of knowingly" is the required mental state, or *mens rea*; "causes bodily injury," the required conduct, or *actus reus*; and "to a partner or family member," the required attendant circumstance.  *Id.*; *see* Wayne R. LaFave, *Substantive Criminal Law* vol. 1, § 1.2(c), 16 (2d ed., West 2003).  Pursuant to § 45-5-212(1), MCA, a person commits assault on a minor if he "commits an offense under 45-5-201, and at the time of the offense, the victim is under 14 years of age and the offender is 18 years of age or older." Incorporating the relevant cross-reference, the elements of assault on a minor are (1) "purposely or knowingly," the *mens rea*; (2) "causes bodily injury," the *actus reus*; and

6

(3) to another who "is under 14 years of age and the offender is 18 years of age or older," the attendant circumstances. While their mental states and conduct are identical, the attendant circumstances of PFMA and assault on a minor differ, with neither being a subset of the other. Thus, the PFMA charge required proof that the victim was a family member but did not require proof that the victim was a minor. Likewise, the assault on a minor charge required proof that the victim was a minor but did not require proof that the victim was a family member. Consequently, despite some overlap, assault on a minor under § 45-5-212, MCA, is neither included in nor a specific instance of PFMA under § 45-5-206, MCA. Therefore, the District Court correctly held that under § 46-11-410(2)(a), (d), MCA, Weatherell's *Alford* plea to PFMA did not foreclose the subsequent prosecution for assault on a minor.

¶14 Weatherell contends that his prosecution for assault on a minor was barred by § 46-11-410(2)(d), MCA, because both PFMA and assault on a minor are specific instances of assault (§ 45-5-201, MCA). This argument, however, conflicts with the text of § 46-11-410(2)(d), MCA, penological principle, and prior case law. It conflicts with the text of the statute, because § 46-11-410(2)(d), MCA, prohibits a person from being prosecuted for two offenses when "the offenses differ only in that one is defined to prohibit a specific instance of the conduct." It does not prohibit prosecution for two offenses that are both specific instances of conduct prohibited by a third, uncharged statute, as Weatherell advocates. Further, both PFMA and assault on a minor are aggravated forms of assault, each reflecting a distinct societal norm—the disapproval of

7

violence against family members and the disapproval of violence against minors, respectively. *See* §§ 45-5-201(2), -206(3), -213(2), MCA (enhanced penalty for assault on minor and PFMA relative to ordinary assault). In such case, "in which different legal norms enter into real competition for the punishment of the same act—only then does a cumulation of punishment seem logically justifiable." Otto Kirchheimer, *The Act, the Offense and Double Jeopardy*, 58 Yale L.J. 513, 522 (1949). In fact, this Court has previously upheld a conviction for two types of aggravated assault that arose out of the same conduct but that were distinguished, as here, on the basis of the status of the victim. *See Matt*, ¶ 15 (holding that assault with a weapon is not an offense included in assault on a peace officer). Consequently, we reject Weatherell's statutory argument.

¶15 We turn next to Weatherell's constitutional argument, which is based on the double jeopardy clause of the Montana Constitution. This clause reads, "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Mont. Const. art. II, § 25. Weatherell contends that this provision, which is broader than the double jeopardy clause of United States Constitution, imports the provisions of § 46-11-504, MCA, into this case. Section 46-11-504, MCA, bars the State from prosecuting a person for conduct if the person has formerly been acquitted or convicted in another jurisdiction for the same transaction from which the subsequent Montana prosecution arises. Applying this statute, through the Montana Constitution, Weatherell contends that his prosecution for assault on a minor should be prohibited because it arose from the same transaction as the PFMA charge to which he initially entered his *Alford* plea.

8

¶16 This argument, however, was not raised before the District Court. Parties may not raise claims for the first time or change legal theories on appeal. *State v. Weaselboy*, 1999 MT 274, ¶ 16, 296 Mont. 503, 989 P.2d 836. While Weatherell raised constitutional claims below, he did not mention the argument that he presents here. Instead, he argued that the double jeopardy analysis was identical under § 46-11-410(2), MCA, and the Constitutions of Montana and the United States. Accordingly, we decline to address Weatherell's new argument here.

¶17 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE