FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0200

DA 14-0200

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 67

————————

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DAVID VIOLETTE,

      Defendant and Appellant.

O P I N I O N
A N D
O R D E R

————————

¶1    This case presents an interim appeal by Appellant David Lee Violette of an order entered by the Tenth Judicial District Court, Fergus County, denying Violette's motion to require the State to elect between offenses. The underlying criminal proceeding is still pending in the District Court.

¶2    An information was filed on September 11, 2013, alleging that on August 15, 2013, Violette struck 75-year-old Mary Mehrer in the face and seriously injured her. The State charged Violette with three counts: aggravated assault, in violation of § 45-5-202, MCA; criminal mischief, which is not pertinent to this appeal; and elder abuse, in violation of § 52-3-825, MCA. The allegations state that Mehrer was an "older person" as defined in § 52-3-803(8), MCA.

¶3    The State's affidavit in support of leave to file an information recounts that Mehrer and her husband have a cabin in the Snowy Mountains, in Fergus County, that is accessed by going up Beaver Creek drainage and onto Rocky Mountain Lane. In order to get to their cabin, the Mehrers travel on an access road that goes by a house and property owned and occupied by Violette. The Mehrers believe they have an easement on the road to access their property. Violette is alleged to have impeded the Mehrers' access over the road in the past. On August 15, 2013, the Mehrers were returning to Lewistown from their cabin when they noticed the road was obstructed at Violette's residence by parked

vehicles. Mehrer got out of her vehicle to take a picture when Violette approached, yelling obscenities and telling Mehrer to leave. Mehrer reported to law enforcement that Violette grabbed her camera and threw it on the ground, and then struck Mehrer in the face, knocking her to the ground. Mehrer suffered head trauma and vision loss when she struck the ground.

¶4 Violette filed a pretrial motion requesting that the court order the State to elect between prosecuting him for either aggravated assault or elder abuse. Violette argued that if he is prosecuted for both offenses, he will be denied his federal constitutional protection against double jeopardy and the protections of Montana's "multiple charges" statute, contained at § 46-11-410, MCA. The District Court denied Violette's motion, concluding that the elder abuse statute is neither a lesser-included offense of aggravated assault, § 46-11-410(2)(a), MCA, nor a specific instance of aggravated assault, § 46-11-410(2)(d), MCA. Violette appeals and argues that elder abuse is a specific instance of the conduct of aggravated assault.

¶5 We recognized in *Keating v. First Judicial District,* 278 Mont. 218, 224, 924 P.2d 1297, 1300 (1996), that the constitutional prohibition against double jeopardy "is designed to prevent the individual from being put at risk of conviction at a second trial," and that, regardless of conviction or acquittal, a defendant has incurred the risk "once he endures the second trial . . . ." At that point, "he has been put in 'jeopardy,' and that fact cannot be remedied or expunged after the fact." *Keating*, 278 Mont. at 224, 924 P.2d at 1300. If the prohibition against double jeopardy is to have any significance, it "must be given effect prior to, not after, the second trial." *Keating*, 278 Mont. at 224, 924 P.2d at 1300. In keeping with these principles, we considered Keating's writ of habeas corpus raising double jeopardy claims pending commencement of Keating's second trial.

¶6 Those circumstances do not present here. Before a question of double jeopardy arises, there must be an initial determination as to whether jeopardy has attached in the first instance. The guarantee against double jeopardy "has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense *after acquittal*. It protects against a second prosecution for the same offense *after*

2

*conviction*. And it protects against multiple *punishments* for the same offense." *State v. Wirtala*, 231 Mont. 264, 269, 752 P.2d 177, 181 (1998) (emphasis added) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S. Ct. 426, 433 (1980)), *overruled on other grounds by State v. Lane*, 1998 MT 76, ¶ 8, 288 Mont. 286, 957 P.2d 9. Here, "jeopardy" has never attached in Violette's prosecution because he has not previously been tried for or convicted of the instant offenses.[1]

¶7 Montana's "multiple charges" statute is consistent with these principles. Section 46-11-410, MCA, provides:

> (1) When the same transaction may establish the commission of more than one offense, a person charged with the conduct *may be prosecuted* for each offense.
> (2) A defendant may not, however, be *convicted* of more than one offense if:
> (a) one offense is included in the other;
>
> .   .   .
>
> (d) the offenses differ only in that one is defined to prohibit a specific instance of the conduct . . . .

(Emphasis added.)

¶8 Based upon the language of § 46-11-410(1), MCA, Violette may be prosecuted for more than one offense arising out of the same transaction. Section 46-11-410(1), MCA, embodies the well-established principle that the State is vested with broad discretion in making charging decisions and, when the facts support possible charges of more than one crime, the crime to be charged is a matter of prosecutorial discretion. *State v. Matt*, 2005 MT 9, ¶ 10, 325 Mont. 340, 106 P.3d 530.

¶9 At this juncture, Violette has not been convicted of aggravated assault or elder abuse, and consequently his double jeopardy claim and reliance on the protections of § 46-11-410(2), MCA, are premature. We make no determination as to the merits of Violette's claim that elder abuse is a specific instance of aggravated assault prohibited by

---

[1] Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 38, 98 S. Ct. 2156, 2162 (1978); *Keating*, 278 Mont. at 223, 924 P.2d at 1300.

§ 46-11-410(2)(d), MCA, except to say that jeopardy has not attached to his prosecution in the first instance.

¶10    Therefore, the Court finds good cause for the following:

¶11    IT IS HEREBY ORDERED this appeal is DISMISSED WITHOUT PREJUDICE, and the matter is remanded to the District Court for trial.

Dated this 24th day of February, 2015.


/S/ LAURIE McKINNON

We Concur:


/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE