FILED

09/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0261

DA 15-0261

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 237

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

BRITNEY PORSCHE HOOPER,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Third Judicial District, In and For the County of Deer Lodge, Cause No. DC 2014-31 Honorable Ray J. Dayton, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

                Ben Krakowka, Anaconda-Deer Lodge County Attorney, Anaconda, Montana

                Submitted on Briefs: June 29, 2016

                        Decided: September 20, 2016

Filed:

                    _____
                            Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Britney Porsche Hooper (Hooper) appeals from the judgment entered in the Third Judicial District Court, Deer Lodge County, finding her guilty of aggravated burglary, a felony, in violation of § 45-6-204(2)(b)(ii), MCA (2013); elder abuse, a felony, in violation of § 52-3-825, MCA (2013); and failure to comply with licensing requirements, a misdemeanor, in violation of § 7-21-2411, MCA (2013).  We affirm in part and reverse in part.

¶2    Hooper presents the following issues for review:

> 1.  *Whether the failure to object to multiple convictions for elder abuse and aggravated burglary constituted ineffective assistance of counsel.*
>
> 2.  *Whether the District Court erred in imposing higher fees in the written judgment than were imposed in the oral pronouncement of sentence.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    On June 26, 2014, Hooper knocked on the door of Mrs. Blaz's home under the guise of selling Mrs. Blaz magazine subscriptions.  When Mrs. Blaz declined to give Hooper any money, Hooper forced herself into Mrs. Blaz's house and knocked the 84-year-old woman to the ground.  Once in the home, Hooper grabbed and twisted Mrs. Blaz's wrist and threw her to the ground.  Mrs. Blaz hit her head when she fell.  Hooper kicked Mrs. Blaz in the thigh, once she was on the ground, and demanded Mrs. Blaz give Hooper money.  Hooper then threatened Mrs. Blaz with a pair of sewing shears.  Only after Hooper left Mrs. Blaz's home was Mrs. Blaz able to summon assistance.  Following the attack, Mrs. Blaz became less active. She no longer visited with her neighborhood

2

friends. She isolated herself and stayed in her house with "all the doors locked up." According to her son, Mrs. Blaz became more forgetful and fearful after the attack.

¶4 On December 17, 2014, Hooper pleaded guilty to aggravated burglary, elder abuse, and failure to comply with licensing requirements. On March 23, 2015, Hooper received a twenty-five year sentence with ten years suspended for aggravated burglary; ten years for elder abuse; and a six-month commitment to the county jail for the licensing violation. All sentences were to run concurrently. Hooper's counsel did not object to convictions for both elder abuse and aggravated burglary. Hooper asserts on appeal that she was denied effective assistance of counsel.

## STANDARD OF REVIEW

¶5 Claims of ineffective assistance of counsel constitute mixed questions of law and fact; our review is de novo. *Deschon v. State*, 2008 MT 380, ¶ 16, 347 Mont. 30, 197 P.3d 476 (internal citation omitted). "[W]here ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal and, conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for post-conviction relief." *State v. White*, 2001 MT 149, ¶ 12, 306 Mont. 58, 30 P.3d 340.

**DISCUSSION**

¶6  *1. Whether the failure to object to multiple convictions for elder abuse and aggravated burglary constituted ineffective assistance of counsel.*

¶7  Hooper argues that receiving multiple convictions for elder abuse and aggravated burglary violated § 46-11-410(2)(d), MCA, and that her counsel's failure to object constitutes ineffective assistance of counsel. The State contends that the crimes of elder abuse and aggravated burglary are distinct and do not constitute multiple convictions in violation of double jeopardy.

¶8  When evaluating a claim of ineffective assistance of trial counsel, we use the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 86. "Under the first prong of the *Strickland* test, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Whitlow*, ¶ 14 (quoting *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064). Under the second prong of *Strickland*, the defendant must show that counsel's performance prejudiced the defense. *Whitlow*, ¶ 10. In establishing prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other. *Whitlow*, ¶ 11 (citing *Adams v. State*, 2007 MT 35, ¶ 22, 336 Mont. 63, 153 P.3d 601, 607); *Sartain v. State*, 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407.

4

¶9 If a court can discern from the record the reason for counsel's alleged deficient performance, then the matter may be addressed on direct appeal. *State v. Kougl*, 2004 MT 243, ¶ 14, 323 Mont. 6, 97 P.3d 1095. However, if the record does not disclose the reason for the alleged error, then the matter may be more appropriately decided by a post-conviction relief proceeding. *Kougl*, ¶ 14. With these principles in mind, we must examine whether there was any error by counsel in the first instance.

¶10 When the same transaction may establish a basis for charging more than one offense, a person may be charged and prosecuted with each offense. Section 46-11-410(1), MCA. However, a defendant may not be convicted of more than one offense if "the offenses differ only in that one is defined to prohibit a specific instance of the conduct" of the other offense. Section 46-11-410(2)(d), MCA. Section 46-11-410, MCA, provides in pertinent part:

> (1)When the *same transaction* may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense.
> (2) A defendant may not, however, be convicted of more than one offense if:
>
> .  .  .
>
> (d) the offenses differ only in that one is defined to prohibit a *specific instance* of the conduct[.]

(Emphasis added). Hooper argues elder abuse is a specific instance of the conduct of aggravated burglary controlled by § 46-11-410(2)(d), MCA.

¶11 When evaluating a challenge on the basis of double jeopardy grounds to § 46-11-410(2)(d), MCA, "we consider the elements of each charge to determine whether each charge requires proof of a fact that the other does not (if so, prosecution for each

5

charge is not statutorily prohibited.)" *State v. Wetherell*, 2010 MT 37, ¶ 12, 355 Mont. 230, 225 P.3d 1256 (citations omitted). "The limitations relevant to this case protect the person from being prosecuted for more than one offense if 'one offense is included in the other' or 'the offenses differ only in that one is defined to prohibit a specific instance of the conduct.' Section 46-11-410(2)(a), (d), MCA." *Wetherell*, ¶ 12. We employ a single standard when evaluating a double jeopardy claim under these provisions. Where each offense requires proof of a "fact" which the other does not, there cannot be a specific instance of conduct which is included in the other offense. *Wetherell*, ¶12.

¶12 Section 45-6-204, MCA, defines aggravated burglary as follows:

> (2) A person commits the offense of aggravated burglary if the person knowingly enters or remains unlawfully in an occupied structure and:
> (a) (i) the person has the purpose to commit an offense within that structure; and
>
> . . .
>
> (b) in effecting entry or in the course of committing the offense or in immediate flight after effecting entry or committing the offense:
>
> . . .
>
> (ii) the person purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone.

¶13 Elder abuse is committed when a person "purposely or knowingly abuses, sexually abuses, or neglects an older person." Section 52-3-825(1)(a), MCA. Abuse is defined as "the infliction of physical or mental injury." Section 52-3-803(1), MCA. "Older person" is defined as "person who is at least 60 years of age." Section 52-3-803(8), MCA.

¶14 When considering the elements of each statute, we conclude that elder abuse and aggravated burglary do not have the same elements. First, elder abuse requires that the person abused be at least 60 years of age; aggravated burglary is not dependent upon age

6

of the victim. Second, aggravated burglary requires that the intent to commit an offense occur within an occupied structure; elder abuse does not have to occur within an occupied structure. Both statutes therefore require an additional element which the other offense does not require.

¶15 In *Weatherell* we found that assault on a minor (§ 45-5-212, MCA) was not a "specific instance" of partner or family member assault (§ 45-5-206, MCA), when the daughter's status as a family member and as a minor met different and separate elements of each crime. *Weatherell*, ¶ 13. Likewise, we found in *State v. Matt*, 2005 MT 9, ¶ 15, 325 Mont. 340, 106 P.3d 530, that assault with a weapon (§ 45-5-213(1)(a), MCA) was not a "lesser included offense" of assault of a peace officer (§ 45-5-210(1)(a), MCA) because assault with a weapon required the additional finding that the assault occurred with a weapon. We determined in *State v. McQuiston*, 277 Mont. 397, 406-07, 922 P.2d 519, 525 (1996) (*overruled* in part on other grounds), that incest (§ 45-5-507, MCA) was not an "included offense" of sexual intercourse without consent (§ 45-5-503, MCA) because sexual intercourse without consent required a lack of consent and incest required only that the sexual relations be between the perpetrator and a related victim. In each of these cases the statutes required poof of a distinct element that the other did not.

¶16 While the two statutes at issue here require some of the same elements, each offense requires at least one element that the other does not. The fact that Mrs. Blaz meets the definition of older person and Hooper entered the occupied structure with the purpose of committing a theft against Mrs. Blaz satisfies different and distinct elements

7

for each respective offense. We conclude that elder abuse is not a specific instance of aggravated burglary.

¶17 Hooper's ineffective assistance of counsel claim is based on her assertion that elder abuse is a specific instance of aggravated burglary. Because we conclude that elder abuse and aggravated burglary do not violate § 46-11-410(2)(d), MCA, and do not constitute multiple convictions for the same offense, Hooper's claim of ineffective assistance of counsel must fail. There was no error in counsel's failing to object to a conviction for elder abuse.

¶18 *2. Whether the District Court erred in imposing higher fees in the written judgment entered than were imposed in the oral pronouncement.*

¶19 The State concedes that these proceedings should be remanded to the District Court to correct the judgment by removing the $65 in surcharges and fees which were not imposed by the court during the oral pronouncement of sentencing. *State v. Hammer*, 2013 MT 203, ¶ 27, 371 Mont. 121, 305 P.3d 843. Therefore, we remand to the District Court to remove the $65 from the judgment.

## CONCLUSION

¶20 We affirm the conviction of both aggravated burglary and elder abuse, and remand to correct the judgment to remove fees which were not pronounced orally.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER

8