FILED

07/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0732

DA 19-0732

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 192N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TOBY CARL McADAM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 19-54
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Toby C. McAdam, Self-represented, Livingston, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

          Bruce E. Becker, Attorney at Law, Livingston, Montana

          Courtney Lawellin, Livingston City Attorney, Livingston, Montana

Submitted on Briefs: July 15, 2020

Decided: July 28, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Toby Carl McAdam (McAdam) appeals from his conviction after a bench trial in Livingston City Court, Honorable Holly Happe, presiding, of misdemeanor theft under § 45-6-301(1)(a), MCA, for purposely or knowingly obtaining or exercising control over the property of another with the purpose of depriving the owner of the property. The City Court entered written findings of fact and conclusions of law. Upon McAdam's appeal from the City Court, a court of record, the Sixth Judicial District Court, Honorable Brenda Gilbert, presiding, affirmed the conviction but reduced the amount of the restitution from $600 to $540. Restitution is not an issue on appeal.

¶3 The City of Livingston charged McAdam with theft, alleging he sold a commercial, or "reach-in" cooler, to Diane Gracey for $600, received her payment and, upon cancellation of the transaction by Gracey, failed to refund any part of the payment. Gracey did not take possession of the cooler, which remained with McAdam. The citation alleged that McAdam "[a]cknowledged in messages that a refund of the money was in order but did not return the money." McAdam represented himself throughout the proceeding, and filed a motion to dismiss the charge in City Court, arguing the facts demonstrated the case

2

was a civil matter based upon contract, not a criminal matter, and asking that the charge be dismissed. The City Court, Honorable Nels Swandal, Judge Pro Tem, presiding, conducted a hearing and thereafter entered a written order denying the motion, but noting that McAdam "may renew his Motion at the close of the State's case if he believes the State has presented insufficient evidence to sustain the charge."

¶4 McAdam moved the City Court for issuance of subpoenas to the Park County Attorney and the City Chief of Police to testify at trial as expert witnesses on the question of whether the matter was civil in nature. The City Attorney moved to quash the subpoenas, arguing that "under Montana law . . . facts constituting the offense of theft also give rise to a civil proceeding against the Defendant for wrongful conversion," but that the actions were not mutually exclusive; the City had the right upon probable cause to prosecute the criminal matter as an offense against the State; and the subpoenaed witnesses were not necessary or appropriately called as experts. The City Court granted the motion to quash.

¶5 The case proceeded to trial, at which Gracey and McAdam both testified. McAdam renewed his motion to dismiss the charge. The City Court denied the motion and, as fact finder, determined that the elements of the offense had been established, and convicted McAdam of the charge. On appeal, the District Court concluded that the record supported the determination that McAdam had committed theft, and affirmed the conviction. Noting that McAdam had stored the cooler during the pendency of the proceeding, the District Court credited him with storage fees and reduced the restitution he was ordered to pay by $60, for a total of $540. McAdam appeals.

¶6 Upon McAdam's appeal from City Court, the District Court functioned as an intermediate appellate court. *See* §§ 3-5-303 and 3-11-110, MCA. "When district courts function as intermediate appellate courts for appeals from lower courts of record, we review the appeal de novo as though it were originally filed in this Court. We examine the record independently of the district court's decision, reviewing the lower court's findings of fact under the clearly erroneous standard, its discretionary rulings for abuse of discretion, and its legal conclusions for correctness." *City of Missoula v. Metz*, 2019 MT 264, ¶ 11, 397 Mont. 467, 451 P.3d 530 (internal citation omitted).

¶7 As he did before the City Court and District Court, McAdam maintains his argument here that this was a civil matter that should not have been prosecuted as a criminal charge, arguing the City "should have informed Gracey that the matter was civil not criminal and she has the option to pursue remedy in small claims court. The [S]tate of Montana set up the small claims court for disputes such as this."

¶8 McAdam's assessment of the matter is not entirely without merit. There, indeed, appear to be civil law implications arising out of the transaction between him and Gracey. However, as the City Attorney argued below, application of the law to this matter can implicate both the civil and criminal law, and is not a mutually exclusive determination. It was within the prosecution's discretion to decide to pursue a criminal charge based upon a showing of probable cause, which discretion is broad. *See State v. Cameron*, 2005 MT 32, ¶ 17, 326 Mont. 51, 106 P.3d 1189 ("The State is vested with broad discretion in making charging decisions.") (internal quotations and citations omitted); *State v. Matt*, 2005 MT

4

9, ¶ 10, 325 Mont. 340, 106 P.3d 530 ([A] prosecutor "has broad discretion in determining when to prosecute a case and what crime will be charged."). That a civil case could have likewise or alternatively been pursued did not bar the prosecution from pursuing a criminal charge.

¶9 McAdam offers briefly that he was deprived of due process because he "was denied to present expert witnesses that were one of the foundations of his defense[.]" However, we conclude the City Court did not abuse its discretion in denying McAdam's attempt to subpoena the government officials noted above to testify as expert witnesses in his case. *See State v. Kolb*, 2009 MT 9, ¶ 10, 349 Mont. 10, 200 P.3d 504 (quashing of trial subpoena reviewed for abuse of discretion).

¶10 McAdam's remaining arguments are directed to his explanation for failing to provide a refund to Gracey, particularly, that she had requested the refund be made to a credit card she had not used in the transaction, and he was unable to effectuate a refund in that manner. However, these are evidentiary contentions that go to the proof of the elements of the offense, and McAdam has not demonstrated that the City Court's findings regarding his conduct are clearly erroneous.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

5

¶12 Affirmed.

/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON